| | |
|---|---|
| THERESA A. ROZIER, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: CV511-045 |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) |
| Defendant. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge John Mason ("the ALJ" or "ALJ Mason") denying her claim for a Period of Disability and Disability Insurance Benefits. Plaintiff urges the Court to reverse the ALJ's decision and award her benefits. Defendant asserts the Commissioner's decision should be affirmed.

Plaintiff protectively filed an application for a Period of Disability and Disability Insurance Benefits on January 4, 2008, alleging that she became disabled on January 1, 2008, due to a brain tumor, depression, panic attacks, nerves, poor memory, recovering alcoholism, and sinus problems. (Doc. No. 18, p. 2). After her claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On April 23, 2010, ALJ Mason conducted a video hearing at which Plaintiff, who was represented by counsel, appeared and testified. ALJ Mason found that Plaintiff was not disabled within the meaning of the Act. (Tr. at 28). The Appeals Council denied

AO 72A
(Rev. 8/82)

Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 1).

Plaintiff, born on March 2, 1961, was forty-nine (49) years old when ALJ Mason issued his final decision. She has a high school education. (Tr. at 35). Plaintiff's past relevant work experience includes employment as a paralegal and a bookkeeper. (Id.).

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-41. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work.

2

Id. If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

In the instant case, the ALJ followed this sequential process to determine that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of January 1, 2008, through the date of ALJ Mason's decision on August 4, 2010. (Tr. at 36). At Step Two, the ALJ determined that Plaintiff had scoliosis, adjustment disorder, major depression, and opiate dependence and alcohol abuse in early remission, conditions considered "severe" under the Regulations. However, the ALJ determined that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (Tr. at 31). The ALJ found that Plaintiff had the residual functional capacity, through the date of his decision, to perform work, except for the following limitations: lift and carry twenty pounds occasionally and ten pounds frequently; stand or walk for six hours per eight-hour workday; sit for six hours of an eight-hour workday; and perform simple, repetitive tasks. (Tr. at 32). At the next step, ALJ Mason noted Plaintiff was unable to perform her past relevant work as a paralegal or a bookkeeper. (Tr. at 35). The ALJ determined at the final step that Plaintiff had the residual functional capacity for the full range of unskilled, light work. (Id.).

AO 72A
(Rev. 8/82)

## ISSUE PRESENTED

Plaintiff contends that the ALJ erred by: 1) giving little weight to the opinion of Dr. Martelli; 2) not finding Plaintiff disabled due to pain and other subjective symptoms; and 3) finding that there are jobs existing in significant numbers in the national economy Plaintiff can perform without consulting a vocational expert.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the

appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

I. **Dr. Martelli's Opinion**

Plaintiff asserts that Dr. Miguel Martelli treated her for four to five (4-5) years, and his "chief diagnosis" was major depression. (Doc. No. 15, p. 4). Plaintiff also asserts that Dr. Martelli opined in a residual functional capacity assessment for mental capacity that Plaintiff was markedly limited in eleven different areas. Plaintiff avers that Dr. Martelli's limitations are consistent with the testimony of her son and ex-husband. Plaintiff contends that Dr. Marc Eaton, on whose opinion ALJ Mason relied, gave his opinion without benefit of Dr. Martelli's assessment of the testimony of her son and her ex-husband. Plaintiff contends that Dr. Martelli's opinion is not inconsistent with his records and should have been accepted.

The opinions from treating sources "must be given substantial or considerable weight unless good cause is shown to the contrary." Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)). "Good cause" exists when: (1) the treating physician's opinion is not supported by the record; (2) the record supports a finding inconsistent with the treating physician's opinion; or (3) the treating physician's opinion is conclusory or inconsistent with his own medical records. Id. at 1241.

ALJ Mason noted that Plaintiff sought "occasional mental health treatment" with Dr. Martelli due to major depression and opiate dependence. (Tr. at 34). The ALJ observed that Dr. Martelli's handwritten treatment records "reveal very little evidence

AO 72A
(Rev. 8/82)

regarding [Plaintiff's] objective[1] allegations, and even less evidence concerning Dr. Martelli's objective findings[.]" (Id.). ALJ Mason also observed Dr. Martelli's opinion that Plaintiff had marked limitations in many areas of psychological functioning, but the ALJ gave this opinion "little weight[.]" (Id.). In so doing, the ALJ noted that "Dr. Martelli's sparse records do not support such severe limitations[,] and he does not address the [Plaintiff's] substance abuse[,] despite being well aware of this condition[.]" (Id.). ALJ Mason noted that, based on Dr. Eaton's objective findings and the remaining objective mental health evidence, two Disability Determination Services' physicians found that Plaintiff was capable of performing "at least simple, repetitive tasks[.]" (Id.). ALJ Mason concluded that these opinions were consistent with the objective mental health evidence of record and gave these opinions great weight.

ALJ Mason, in discounting Dr. Martelli's opinion, stated that Dr. Martelli's opinion regarding Plaintiff's areas of marked limitation was inconsistent with his treatment records. ALJ Mason also concluded that Dr. Martelli's opinion was not supported by the evidence of record. Thus, the ALJ properly rejected Dr. Martelli's opinion.

## II. Pain and Other Subjective Symptoms

Plaintiff alleges that the first prong of the pain standard was satisfied because the ALJ found that Plaintiff had scoliosis, adjustment disorder, major depression, opiate dependence, and alcohol abuse in early remission. Plaintiff also alleges that the medical evidence "is substantially consistent" with her meeting the second and third prongs of the pain test. Plaintiff asserts that the ALJ's finding that her testimony regarding her symptoms was not credible is flawed.

---

[1] It seems that ALJ Mason meant "Plaintiff's *subjective* complaints", particularly in light of Dr. Martelli's notes, which state (by way of example) that Plaintiff "claims to be doing OK for the most part." (Tr. at 513, 658).

6

In order to establish disability based on testimony of pain and other symptoms, a social security disability benefits claimant must show: (1) evidence of underlying medical condition; and (2) either (a) objective medical evidence confirming severity of alleged pain, or (b) that objectively determined medical condition could reasonably be expected to give rise to claimed pain. Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002). If a plaintiff "testifies as to [her] subjective complaints of disabling pain and other symptoms, . . . the ALJ must clearly 'articulate explicit and adequate reasons' for discrediting the claimant's allegations of completely disabling symptoms." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir.1995)). "Although this circuit does not require an explicit finding as to credibility, the implication must be obvious to the reviewing court." Id. (internal citation omitted). An ALJ's credibility determination need not "cite 'particular phrases or formulations'[,] but it cannot merely be a broad rejection which is 'not enough to enable [a reviewing court] to conclude that [the ALJ] considered [a plaintiff's] medical condition as a whole.'" Id. at 1210-11 (quoting Foote, 67 F.3d at 1561).

While ALJ Mason found Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, he did not find her statements regarding the intensity, persistence, and limiting effects of her symptoms to be credible. ALJ Mason also found that Plaintiff's statements were inconsistent with his finding regarding Plaintiff's residual functional capacity assessment.[2] The ALJ noted that Plaintiff repeatedly denied alcohol use or abuse, yet objective evidence indicated

---

[2] Plaintiff did not find error with the ALJ's residual functional capacity, per se. While the three (3) enumerations of error have bearing on the residual functional capacity finding, Plaintiff's failure to enumerate this finding as an error would render the undersigned's specific discussion superfluous. In addition, Defendant's discussion of the ALJ's residual functional capacity findings being supported by substantial evidence is quite extensive. (Doc. No. 18, pp. 3-11).

AO 72A
(Rev. 8/82)

otherwise. The ALJ also noted that Plaintiff testified that she cooks, does laundry, mops, feeds her dogs, and does wood burning, that she traveled by bus to see the Holy Land facility in Florida, that she had at least one good friend, and she drove on occasion. (Tr. at 32). ALJ Mason indicated that Plaintiff's activities of daily life undermined her testimony that she suffers from emotional problems. ALJ Mason observed that, while objective evidence indicated Plaintiff had scoliosis, her treatment-seeking history, diagnostic test results, clinical signs, symptoms, medications, and other prescribed treatment demonstrated that Plaintiff could perform some work activities requiring physical exertion. ALJ Mason made specific note of, *inter alia*,: Dr. Roy Baker's finding that Plaintiff had excellent motor function in all extremities and normal reflexes; an emergency room visit when Plaintiff complained of pain all over her body, yet she had a normal range of motion in all extremities and normal strength and that she appeared intoxicated at the time; a December 2009 examination during which Plaintiff had a normal gait and station with no need for an assistive device; and a visit to Dr. Mukesh Agarwal for complaints of low back pain, yet no positive physical findings upon examination. (Tr. at 33). In addition, ALJ Mason found that Plaintiff's alleged headaches and a previous craniotomy were non-severe limitations, as she never complained to Dr. Martelli (her treating psychiatrist) about having headaches, there was no evidence of frequent headaches, and Plaintiff denied having any problems just months after having the craniotomy to remove a non-malignant tumor. In fact, ALJ Mason noted, Dr. Roy Baker believed Plaintiff could resume all of her activities after this surgery. (Tr. at 30-31).

8

The ALJ provided explicit and adequate reasons for discrediting Plaintiff's allegations of completely disabling symptoms. ALJ Mason specifically noted that Plaintiff's testimony was in contrast with objective evidence of record and with her activities of daily living. This enumeration of error is without merit.

### III. Consulting a Vocational Expert

Plaintiff contends that the ALJ should have obtained a vocational expert to aid his determination as to the extent Plaintiff's non-exertional impairments eroded her occupational base.

Generally, after a claimant's residual functioning capacity and ability (or inability) to return to her past relevant work are determined, "the ALJ may use the grids to determine whether other jobs exist in the national economy that a claimant is able to perform." Phillips v. Barnhart, 357 F.3d 1232, 1242 (11th Cir. 2004). Nonetheless, when a claimant is 'unable to perform a full range of work at a given residual level *or* when a claimant has non-exertional impairments that significantly limit basic work skills[,] exclusive reliance on the grids is not appropriate.'" Id. (quoting Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir. 1985)(emphasis in original)). If either of these conditions is present, the ALJ is required to consult a vocational expert. Id.

In this case, ALJ Mason determined that, based on Plaintiff's residual functional capacity, she could perform "the full range of unskilled light work[.]" (Tr. at 35). Moreover, the ALJ did not find that Plaintiff suffered from non-exertional impairments which significantly limited her work abilities at the unskilled, light work level. Accordingly, ALJ Mason was not required to consult a vocational expert, and his reliance on the grids was appropriate.

9

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

**SO REPORTED** and **RECOMMENDED**, this 9th day of January, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)