FILED
U.S. ---- COURT
CLERK C. Robinson
SO. DIST. OF GA.
2012 JAN 31 AM 9:37

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

THERESA A. ROZIER,  )
 )
Plaintiff,  )
 )
v.  ) CIVIL ACTION NO.: CV511-045
 )
MICHAEL J. ASTRUE,  )
Commissioner of Social Security,  )
 )
Defendant.  )

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In her Objections, Plaintiff asserts that her treating psychiatrist's opinion is not inconsistent with his treatment records. By extension, Plaintiff appears to assert that the Administrative Law Judge ("ALJ") erred in discrediting her treating psychiatrist's opinion. Plaintiff overlooks the ALJ's finding that her treating psychiatrist's opinion regarding her areas of marked limitation was inconsistent with his treatment records *and* was not supported by the evidence of record. Even if Plaintiff's treating psychiatrist's records were consistent with his opinion, the ALJ had an additional reason for having "good cause" to reject the opinion of Plaintiff's treating psychiatrist. (Doc. No. 20, pp. 5-6) (quoting Phillips v. Barnhart, 357 F.3d 1232, 1240-41 (11th Cir. 2004)).

Plaintiff disagrees with the ALJ's credibility findings based on Plaintiff's subjective evidence and with her activities of daily living. This Court's role is not to reweigh evidence or make an independent determination of a claimant's credibility. Rather, this

Court's role is to ensure that the ALJ's determination is supported by substantial evidence and that the proper legal standards are followed. The ALJ provided "explicit and adequate reasons for discrediting" Plaintiff. (Id. at p. 9). The ALJ's credibility determination, as set forth by the Magistrate Judge, is supported by substantial evidence, and the correct legal standards were applied.

Finally, Plaintiff asserts that the ALJ's finding that she could perform a full range of unskilled, light work is inconsistent with his finding that she has severe adjustment disorder and major depression. By extension, Plaintiff contends that the ALJ erred in failing to consult a vocational expert. However, and as the Magistrate Judge noted, the ALJ was not required to consult a vocational expert in this case, as he determined that Plaintiff could perform the full range of work at the unskilled, light level and that Plaintiff did not suffer from any non-exertional impairments which would limit this ability. The ALJ's failure to consult a vocational expert was not error.

Plaintiff's Objections are **overruled**. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. The decision of the Commissioner of the Social Security Administration is **AFFIRMED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 31 day of January, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA